United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 12, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 03-10483
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TREMON TRAVELL BROWN,

Defendant-

Appellant.

-----------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:02-CR-00094-18
-----------------------------------------------------------

Before SMITH, DEMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

Tremon Travell Brown ("Brown") appeals the sentence imposed following his guilty-plea

conviction for conspiracy to distribute and possess with intent to distribute more than 50 grams of

cocaine base. Brown argues that his due process rights were violated by the district court's

consideration of testimony at sentencing that concerned matters not included in the presentence

report. Brown further contends that the district court's drug quantity determination was based upon

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

unreliable and insufficient evidence.  Brown additionally maintains that the district court erred in calculating his criminal history category and by denying him a reduction for acceptance of responsibility.

Brown's due process argument is without merit; criminal defendants do not have a due process right to be notified in advance of the Government's witnesses at sentencing or the substance of their testimony.  See United States v. Moore, 225 F.3d 637, 644 (6th Cir. 2000).  Although the drug quantity determination was based in part on the statement of a witness who repudiated that statement at sentencing, it was the district court's province to evaluate the conflicting statements made by the witness and make a credibility determination.  See United States v. Davis, 76 F.3d 82, 83-85 (5th Cir. 1996).  Thus, the district court's drug quantity determination was not clearly erroneous or based on unreliable evidence.  See id.  We dismiss the remainder of Brown's appeal because Brown waived his right to appeal these issues in his plea agreement.  See United States v. Robinson, 187 F.3d 516, 517 (5th Cir. 1999).

AFFIRMED IN PART, DISMISSED IN PART.